IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLIE ANN WALKER o/b/o
Steven C. Walker, minor,

    Plaintiff,

vs.                                    Civ. No. 99-528 JC/DJS

**KENNETH S. APFEL,
Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

1.   Plaintiff invokes this Court's jurisdiction under 42 U.S.C. Sec. 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections with the clerk of the district court to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

Commissioner applied correct legal standards in making his findings. <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.  Plaintiff filed an application for child's XVI disability benefits on Steven's behalf on May 9, 1996. Tr. 56, 57-58. She alleged that Steven had been disabled from birth, June 15, 1992, due to asthma. Tr. 57, 59. On the date of the administrative law judge's (ALJ) decision, Steven was five years old. Tr. 7, 11. The ALJ issued his decision on April 24, 1998, finding Steven was not disabled because the record did not establish that he had an impairment that met, medically equaled, or functionally equaled the severity of any impairment found in the Appendix 1 Listing of Impairments. Tr. 7-14. The Appeals Council denied Plaintiff's request for review. The decision of the ALJ is the final decision of the Commissioner for judicial review purposes.

**Issues**

3.  Plaintiff alleges that the ALJ made three errors. Specifically, Plaintiff claims that: (1) the ALJ ignored evidence from Steven's treating physician, L.P. Bebe Han, Ph.D., M.D. (2) the ALJ did not refer Steven to a consulting physician; and (3) the ALJ erred in failing to have a medical advisor present at the hearing.

**The Standard of Review**

4.  Judicial review of the Commissioner's final decision in

this case is limited under 42 U.S.C. Sec. 405(g) to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. Casias v. Secretary of Health and Human Services, 933 F.2d 799, 800-01 (10th Cir. 1991). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The COurt may neither weigh the evidence nor substitute its discretion for that of the Commissioner. Kelley v. Chater, 62 F.3d 337 (10th Cir. 1995). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989). Stated conversely, a lack of substantial evidence will be found only where there is a "conspicuous absence of credible choices or no contrary medical evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)(quoting Hemphill v. Weinberger, 483 F.2d 1137 (5th Cir. 1973).

    5.    Under the standard for evaluating child disability cases, a child under the age of 18 is entitled to disability benefits only if he has a mediCally determinable impairment which results in marked and severe functionalLY limitations. 42 U.S.C. Sec. 1382c(a)(3)(C). Regulations define "marked and severe functional limitations" as meaning that the child's impairment or combination

3

of impairments must meet, medically equal or functional equal the severity of a listed impairment.  20 C.F.R. Sec. 416.924(d).

**Discussion**

6.  Substantial evidence supports the ALJ's finding that Steven's asthma does not medically meet or equal listing 103.03(c)(2) of the Listing of Impairments.  A claimant meets or medically equals Listing 103.03 if he has:

> C. Persistent low-grade wheezing between acute attacks or absence of extended system-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following:...
>
> 2. Short courses of corticosteriods that average more than 5 days per month for at least 3 months during a 12-month period...

20 C.F.R. Part 404, Subpt. P, App.1 Listing 103.03(C).  A claimant cannot be found disabled pursuant to the Appendix 1 Listing of Impairments unless he can show that he meets or equals all of the specified medical criteria of the particular listing.  See Sullivan v. Zebley, 493 U.S. 521, 530 (1990)(impairment does not meet or equal Listing if it has only some of the medical criteria).

7.  The record clearly shows that Plaintiff's wheezing noted by his treating physician, Dr. Han, was during an acute attack. Tr. 105, 108 and 111. The evidencedoes not establish that Steven had wheezing between acute attacks as required by the Listing.  The evidence shows that Dr. Han noted no wheezing between Steven's acute asthma attacks.  Tr. 96, 99, 100, 101, 102, 104, 106, 107,

4

110, 112, 117, 137.

8.   The record also demonstrates that Steven's asthma does not meet or equal the alternative, second criteria in Listing 103.03(c), absence of extended system-free periods.  As noted by the ALJ, Steven responds to his medication and has not required frequent hospitalization for asthma. Tr. 14.  His mother testified that he had only been hospitalized over night one time for a test. Tr. 23.  The record shows that Steven has gone to the emergency room on eleven occasions.  He was diagnosed with asthma on only one occasion.  Tr. 152.  On that occasion he was in no obvious respiratory distress and had only rare wheezes.  Tr. 152-53.  The emergency room physician did not prescribe any additional treatment.  He recommended that Steven continue taking the medication prescribed by Dr. Han.  Tr. 152.

9.   Further, the record does not indicate the Steven required the necessary number of short courses of corticosteriods during any twelve-month period with in the period under consideration, May 9, 1996 through April 24, 1998.  Steven was prescribed Prelone on September 29, 1997 as need for four days.  Tr. 133.  On September 2, 1997, Dr. Han prescribed a six-day course of Prelone. Tr. 135. Dr. Han prescribed a four-day course of Prelone on January 23, 1996 and a Prelone burst on January 17, 1995.  Tr. 99 and 105.  Thus, within the twelve-month period during the period under consideration, Dr. Han prescribed or recommended no more than a total of ten days of Prelone and this is certainly less than the

5

frequency required under Listing 103.03(c)(2).

10. Plaintiff argues that the ALJ ignored evidence from Steven's treating physician that Steven "has at least 3 asthma episodes within a 12 month period." Tr. 132. First, this evidence is not from Steven's treating physician but rather his nurse. Second, this statement was considered by the ALJ. Tr. 13. Third, this is not evidence of meeting a Listing for asthma.

11. Lastly, Plaintiff argues that the ALJ did not fully and fairly develop the record. This argument was not raised before the Appeals Council. It is waived. James v. Chater, 96 F.3d 1341, 1343 (10th Cir. 1996)(issues omitted from an administrative appeal are deemed waived for purposes of subsequent judicial review). Further, Plaintiff's argument is without merit. The record demonstrates that this evidence was reviewed by both a pediatrician, Lynn Longfield, M.D., and an occupational medicine physician, Ralph Powell, M.D. Tr. 74, 125-128, 129, 130. Both determined that Steven's asthma was not disabling. Further, there is no indication that the medical evidence in the record was insufficient to make a decision. Hawkins v. Chater, 113 F.3d 1162, 1167-68 (10th Cir. 1997); 20 C.F.R. Sec. 416.927(c)(3).

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Reverse and Remand for a Hearing be denied.

_____
Don J. Svet
UNITED STATES MAGISTRATE JUDGE